UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE

MARTHA B. GIBSON                                   CASE NO. 10-05495-MAM-7

*Debtor.*

## ORDER DENYING MOTION OF THE ESTATE OF MICHAEL GIBSON SR. FOR AN ADMINISTRATIVE EXPENSE CLAIM

Denise I. Littleton, Chapter 7 Trustee, Mobile, Alabama
Daniel Parker Sweet, Attorney for Trustee, Daphne, Alabama
Henry A. Callaway, III Attorney for Merchants Bank, Mobile, Alabama
Irvin Grodsky, Attorney for Claimant Estate of Michael Gibson Sr., Mobile, Alabama

This case is before the Court on the motion of the Estate of Michael Gibson, Sr., for an administrative expense. This Court has jurisdiction to hear this motion pursuant to 28 U.S.C. §§ 1334 and 157 and the Order of Reference of the District Court. This is a core proceeding and the Court has the authority to enter a final order in this matter pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Court is denying the motion of the Estate of Michael Gibson for an administrative expense.

### FACTS

The parties stipulated many of the relevant facts. The debtor, Martha Gibson, and her husband, Michael Gibson, Sr., owned Condominium #3-F in the Yachtsman development. They held the unit "as tenants in common with equal interest during the period of their concurrent lives, and, upon the death of either of them, then to the survivor." This is typically known as ownership by a "Durant deed," so named after the case that declared this type of ownership effective to provide for concurrent ownership during the lives of two people with a right of survivorship. *Durant v. Hamrick*, 409 So.2d 731 (Ala. 1981). Prior to filing bankruptcy, Martha

1

Gibson transferred her one-half interest in the condominium to the son of the parties, Michael Gibson, Jr.

On November 30, 2010, Merchants Bank filed an involuntary case against Martha. She did not contest the filing and her bankruptcy estate became a voluntary filing thereafter. On July 12, 2011, the trustee sued Ms. Gibson alleging that the transfer of her one-half interest in the Yachtsman condominium was a fraudulent transfer. A judgment was awarded to the trustee by consent on May 21, 2013, declaring that the property interest Martha had transferred to her son had to be reconveyed to the trustee. On May 16, 2013, Michael Gibson, Sr., died.

From at least November 30, 2010, the date of the filing of the involuntary bankruptcy, to May 16, 2013, Michael Gibson, Sr. and Michael Gibson, Jr., were in possession of the property. Michael Gibson, Sr., paid condominium fees and assessments of $17,331.79 during that time. He also paid $1100 in lawn maintenance expenses and utility bills of $629.[1] The total amount paid by the Estate during the period from November 30, 2010 to May 16, 2013 was $19,060.79. There was no mortgage against the property. The property was not used as a rental property so no income was received.

On August 6, 2013, the Court approved the sale of the condominium for $275,000. After commissions, the net amount paid to the bankruptcy estate was $257,000.

Several witnesses testified at the hearing. David Egbert was the realtor who sold the condominium unit. He testified that, although prices were lower in 2010 and 2011, he could have sold it at a price comparable to the unit prices for units he sold in 2012 and 2013. He did agree that the price would have been lower, but did not quantify the discount. He also testified that he thought the unit could have been rented in 2011 – 2013 for a sum that would have been at

---

[1] The Estate only had copies of bills from 2012 and 2013. There may have been other utility bills that were paid, but $629 is all that the Estate can document.

least as much, if not more, than all of the claimed expenses, even after deducting rental commissions and furniture replacement. Denise Littleton, the trustee, testified that she did not have possession or control of the unit until after the death of Michael Gibson, Sr.

## LAW

The Estate of Michael Gibson, Sr., asks the Court to hold that the $19,060.79 spent by Michael Sr. from the filing of the bankruptcy case until Michael's death be repaid to the Estate because it constitutes an administrative expense claim under 11 U.S.C. § 503(b)(1)(A) of the Bankruptcy Code. The section provides that expenses that are "actual, necessary costs and expenses of preserving the estate" are administrative expense claims.

The Court must decide several questions. (1) Did the estate have an interest in the property at the time the expenses were incurred that makes the costs of maintaining the property "actual, necessary expenses?" (2) If the estate had an interest in the property sufficient to require it to cover expenses for the property, were these expenses "actual . . . [and] necessary?"

A. The Estate's Interest

At the filing of the involuntary bankruptcy case, Ms. Gibson was not a person on the title to the real estate. She was not in possession of the property. Under Section 541(a)(3) of the Bankruptcy Code, property of a debtor's estate does include "[a]ny interest in property that the trustee recovers under section . . . 550" of the Code. Section 550 authorizes the trustee to recover fraudulent transfers under Section 548. Based on these sections, the courts have, with one Circuit Court exception, mainly held that fraudulent transfers are not property of the estate until recovered.

In *Rajala v. Gardner*, 709 F.3d 1031 (10th Cir. 2013), the Court explained the split in authority.

3

> The Fifth Circuit has held that fraudulently transferred property belongs to the estate under § 541(a)(1), and is therefore subject to § 362's stay even before it is recovered. *Am. Nat'l Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.),* 714 F.2d 1266 (5th Cir. 1983). The court explained that "it makes the most sense to consider the debtor as continuing to have a 'legal or equitable interest' in the property fraudulently transferred." *Id.* at 1275; *see also Barber v. McCord Auto Supply, Inc. (In re Pearson Indus., Inc.)*, 178 BR. 753,764 (Bankr. C.D. Ill.1995) ("The transferee merely h[olds] voidable title . . ."). Thus, even before fraudulently transferred property comes into the estate by operation of § 541(a)(3), the property is considered part of the estate under § 541(a)(1).
>
> In contrast, the Second Circuit rejected *In re MortgageAmerica's* analysis in favor of a narrower reading. *See Fed. Deposit Ins. Corp. v. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125 (2nd Cir. 1992). The court held that § 541(a)(3), rather than § 541(a)(1), governs § 362's stay as applied to fraudulently transferred property. Therefore, such property does not become part of the estate until it is recovered. *Id.* at 131.

*Rajala*, 709 F.3d at 1037-38.

The Tenth Circuit Court found that the Second Circuit holding was more appropriate. It is not appropriate to say that a debtor holds an equitable interest in property to which the trustee only asserts a fraudulent transfer claim. "[O]ne of the fundamental principles [of] equity jurisprudence is . . . that before a complainant can have [] standing in court he must first show that . . . [he has] a good and meritorious cause of action. . . ." *Rajala*. at 1038. (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244, 54 S.Ct. 146, 78 L.Ed. 293 (1933). Also, if fraudulent transfer claims were included in property of the estate by the language of § 541(a)(1), then § 541(a)(3) would be superfluous. *Id*. "[I]t is a cardinal principle of statutory construction that . . . if it can be prevented, no clause, sentence, or word shall be superfluous, void or insignificant") (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 2339 (2001)). The Eleventh Circuit has not ruled on this issue.

This Court concludes that the reasoning of the Tenth and Second Circuits is more logical. There is no need for § 541(a)(3) if § 541(a)(1) covers the issue. The trustee of Martha Gibson's bankruptcy estate held no more than an "expectancy" or a "possible" interest in the Yachtsman condominium from November 30, 2010 until at least May 16, 2013. The parties agreed that by May 21, 2013, the date of the fraudulent transfer judgment, Martha Gibson had sole title to the property.

Therefore, until the condominium title was revested in Ms. Gibson, her bankruptcy estate was entitled to none of the income from the property (if any) and was responsible for none of the expenses of the property. Since Ms. Gibson had no legal interest in the property, no expense incurred during the time from November 30, 2010 to May 16, 2013 could be an "actual, necessary" expense of her estate under § 503(b)(1).

B. Were the expenses "actual and necessary?"

To the extent the Court is wrong in reading § 541(a) of the Bankruptcy Code to exclude unrecovered fraudulent transfers until recovery, the Court will discuss whether the expenses claimed by Michael Gibson, Sr.'s estate are "actual, necessary costs and expenses of preserving the estate."

> The test for whether [] claims qualify as administrative expenses is whether "the debtor received a benefit which was actual and necessary to the preservation of the estate." *In re Scott*, 209 B.R. 777, 780 (Bankr. S.D. Ga. 1997). An "actual, concrete benefit to the estate" must be proven. *In re Mandel*, 319 B.R. 743, 745 (Bankr. S.D. Fla. 2005) (citing *In re Subscription Television of Greater Atlanta*, 789 F.2d 1530 (11th Cir. 1986)). The Eleventh Circuit has held that the list of qualifying claims in § 503(b) is not exhaustive. *Varsity Carpet Servs., Inc. v. Richardson,* 19 F.3d 1371, 1377 (11th Cir. 1994). Therefore, claims for post-petition residential rent could qualify as administrative expenses under § 503(b)(1) if they meet the test. The Creditor shoulders the burden under § 503(b)(1)(A). *In re Alumni Hotel Corp.*, 203 B.R. 624 (Bankr. E.D.Mich. 1996).

*In re Rattler*, 2013 WL 828286, *3 (Bankr. S.D. Ala. 2013).

This would be a close call if the fraudulent transfer expectancy were viewed as an asset from the filing of the case. The expenses, so long as the property was held, were required for it to be held and maintained. However, in looking further at the cases that discuss what transactions are actual and necessary, the Court concludes that, even if the property, or an interest in it, is viewed as an asset of the Estate from the filing of the case, the claims of the Estate of Michael Gibson, Sr., should not be viewed as administrative claims.

COLLIER ON BANKRUPTCY, ¶503.06[3], states that "[m]ost courts apply a two-part test to determine whether a claim is entitled to administrative expense priority . . . First, it must arise from a transaction with the bankruptcy estate, and second, it must have directly and substantially benefitted the estate." The claimant cannot meet these tests. First, the underlying claimants did not conduct any transaction with the trustee. She had no knowledge of the debts being incurred and had no ability to approve, disapprove or seek to amend them. If she had, she may have attempted to sell the property long before she was able to regain it, or, to rent the property for income. This would have negated the need for some of the costs. The requirement of having dealings with the trustee is necessary. Otherwise, claims such as this one might arise with some frequency and the trustee would have no way to protect herself against a claim. Second, the costs were not proven by a preponderance of the evidence to have directly and substantially benefitted the Estate. The evidence showed that an earlier sale might have cut off the costs. Also, if she were in charge of the property, the trustee may have been able to rent the condominium for sufficient amounts to offset all costs. *Microsoft Corp. v. DAK Industries, Inc. (In re DAK Industries, Inc.)*, 66 F.3d 1091, 1094 (9th Cir. 1995) ("The claimant must show that

the debt asserted to be an administrative expense (1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity . . . ; and, (2) directly and substantially benefitted the estate.") (quoting *In re White Motor Corp.,* 831 F.2d 106, 110 (6th Cir. 1987); *Matter of Jartran, Inc.*, 732 F.2d 584 (7th Cir. 1984). The evidence shows many or all of the claims might not have needed to be incurred at all. Therefore, the Court concludes that the expenses are not administrative expenses even if the trustee had an interest in the condominium pre-May 16, 2013.

## CONCLUSION

For the reasons indicated above, the Court concludes that the Estate of Michael Gibson, Sr., did not meet its burden to prove that $19,060.79 in claimed expenses should be declared to be administrative expense claims pursuant to § 503(b)(1) of the Bankruptcy Code.

IT IS ORDERED that:

1. The motion of the estate of Michael Gibson, Sr. for an administrative expense claim is DENIED;

2. The trustee's Final Report and Account and Request for Compensation is APPROVED; and

3. The Notice and Proposal to Abandon Assets is APPROVED.

Dated: June 12, 2014

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE